## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | **Criminal No. 07-174 (JRT-JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Antwoyn Terrell Spencer (01),** **Derrick Jerome Spencer (02),** **Frederick Dwayne Spencer (03),** | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter came to the undersigned on July 16, 2007 for resolution of pretrial motions. Jeffrey S. Paulsen, Assistant United States Attorney, appeared for the Government. Mark D. Nyvold, Esq., appeared for defendant Antwoyn Spencer. James B. Sheehy, Esq., for defendant Derrick Spencer. Robert E. Oleisky, Esq., appeared for defendant Frederick Spencer. Dispositive motions are addressed in this report and recommendation; all other motions are addressed in separate orders.

The defendants filed seven dispositive motions. Of these, only one is presented for decision, a motion to suppress evidence from a search and seizure by defendant Antwoyn Spencer (Doc. No. 66). There are no matters raised by the other dispositive motions (Doc. Nos. 29, 42, 48, 50, 54, 67) and so these are deemed withdrawn. The motions are referred for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Through his motion, Antwoyn Spencer (Spencer) challenges the search of his residence. He begins with a brief argument that the search warrant, which authorized the search, was not supported by probable cause. According to the affidavit accompanying the search warrant, Spencer has been engaged in cocaine trafficking for about nine years, and a confidential informant indicated that he delivered cocaine to Spencer's residence three times in 2006. The affidavit further alleges Spencer's residence was purchased with proceeds from cocaine trafficking.

In order for a search warrant to comport with the Fourth Amendment, a detached and neutral magistrate must find that it is supported by probable cause. *Warden v. Hayden*, 387 U.S. 294, 301-02 (1967). Probable cause exists if a reasonable person would find a fair probability of incriminating evidence on the premises to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

When deciding whether a search warrant is supported by probable cause, a court may only consider facts and circumstances alleged in the affidavit accompanying the search warrant. *United States v. Wells*, 347 F.3d 280, 286 (8th Cir. 2003). These facts and circumstances are evaluated in a practical, common-sense manner. *United States v. Durham*, 470 F.3d 727, 733 (8th Cir. 2006).

In his argument against the search warrant, Spencer particularly raises the principle of object-place nexus, whether there is some relationship between incriminating evidence and activity on the premises. In cases involving illegal drugs, such a nexus may be established by facts showing a drug transaction took place on the premises. 2 Wayne R. LaFave, *Search and Seizure* § 3.7 (4th ed. 2004); *see also United States v. Tellez*, 217 F.3d 547 (8th Cir. 2000) (involving circumstances where defendant traveled from residence to site of controlled buy); *United States v. Beck*, 122 F.3d 676, 678 (8th Cir. 1997) (similar).

2

Even without a direct link between a drug transaction and the premises, other evidence may supply a reasonable probability that contraband will be found there. Some authorities suggest that, so long as it is generally alleged that drug dealers keep illegal drugs or proceeds at home, there is probable cause to search a suspected dealer's residence. *See, e.g., United States v. Johnson*, 437 F.3d 69, 71-72 (D.C. Cir. 2006). An unpublished Eighth Circuit decision adopted similar reasoning. *See United States v. Lacey*, 170 Fed.Appx. 994, 995 (8th Cir. 2006).

The affidavit provides that Spencer is a longtime drug dealer; that illegal drugs have been delivered to his residence; and that drug dealers usually keep contraband and illegal proceeds in their homes. These allegations provide ample support, as a practical matter, for a fair probability that illegal drugs or other proceeds are at Spencer's residence. So the search warrant is supported by probable cause and its fruits need not be suppressed for this reason.

In a separate argument, Spencer challenges how the search warrant was executed. Quoting from the list of items to be seized, he argues officers were only authorized to take "[f]irearms . . . possessed without authority of law." During the search, officers seized a handgun but were unable to determine at that time whether Spencer lawfully possessed it. For this reason, Spencer argues, it was not within the scope of the search warrant and it must be suppressed.

Officers executing a search warrant are not obliged to interpret it narrowly, and as the Eighth Circuit observes, a legalistic approach would be "unworkable" for officers in the field. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 517 (8th Cir. 2005); *cf. United States v. Mosby*, 101 F.3d 1278, 1281 (8th Cir. 1996) (warning against "hypertechnical" reading of list of items to be seized). Thus where officers are not immediately able to ascertain whether items are among those to be seized, they

may seize them and investigate them further. *See United States v. Horn*, 187 F.3d 781, 788 (8th Cir. 1999) (upholding seizure of videos even though officers could not determine, at the time of a search, whether they were contraband).

When officers were searching Spencer's residence, they had no immediate way to ascertain whether the handgun was possessed lawfully or not. It was reasonable, under these circumstances, for officers to seize the handgun and investigate this question further. Their actions did not violate the bounds of the search warrant.

Even if the seizure of the firearm was not authorized by the search warrant, it may also be allowed under the plain view exception. This rule allows seizure of an item where an officer has a lawful right of access to it and its incriminating nature is immediately apparent. *United States v. Reinholz*, 245 F.3d 765, 777 (8th Cir. 2001). Where guns are found in the course of a search for drug trafficking contraband, they may be seized under the plain view exception, even if their seizure is not expressly authorized by a search warrant. *United States v. Nichols*, 344 F.3d 793, 799 (8th Cir. 2000). That rule is equally controlling here.

The search warrant for Spencer's residence is founded on probable cause. Officers did not exceed the scope of the warrant by seizing a handgun during the execution of the search. For these reasons, this Court concludes it is appropriate for Spencer's motion to be denied. Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Spencer's motion to suppress evidence from a search and seizure (Doc. No. 66) be **DENIED.**

2.	All other dispositive motions (Doc. Nos. 29, 42, 48, 50, 54, 67) are **WITHDRAWN.**

Dated this 7th day of August, 2007.                                  s/Jeanne J. Graham

                                                                            JEANNE J. GRAHAM
                                                                            United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 24, 2007. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.